

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 17, 1969

Honorable John C. White
Commissioner of Agriculture
P. O. Drawer BB
Austin, Texas 78711

Opinion No. M-434

Re: Whether certain feeding
demonstrations using white
rats in which the diet of
one group of rats is un-
balanced constitutes the
offense of cruelty to
animals as defined by
Article 182, Vernon's
Civil Statutes and whether
such demonstrations come
within the purview of
Articles 4587 and 4588,
Vernon's Civil Statutes,
and are experiments re-
quiring compliance with
said statutes.

Dear Mr. White:

Your have recently requested the opinion of this office as
to whether certain feeding demonstrations involving white rats
come within the scope of Articles 182, 4587 and 4588 of Vernon's
Civil Statutes. You describe these demonstrations in your
letter as follows:

"Dairy Council, Inc. furnishes white rats and
instructions for the conduct of feeding demonstra-
tions in classrooms throughout the State of Texas.
The purpose of these demonstrations is to impress
upon school-age youngsters the importance to health
and growth of a proper and balanced diet and the
nutritional value of milk.

-2161-

"The demonstrations are primarily of two
types.  In one demonstration, both groups of rats
are fed a desirable, balanced diet; however, one
group receives no milk.  The other type of demon-
stration is one in which one group is fed a well-
balanced diet while the other is fed an unbalanced
diet with excessive starches, fats and sweets.  It
should be emphasized that in all demonstrations, the
animals receive an adequate amount of food.  The
difference is in the combination of foods.  Attached
to this request as Exhibit 'A' is a booklet published
by Dairy Council, Inc. which fully explains the
types of demonstrations conducted."

You ask our opinion as to:

1.  Whether Article 182 prohibits the above described feed-
ing demonstrations, and

2.  Whether such demonstrations are "experiments" under the
provisions of Articles 4587 and 4588 for which a Penal bond is
required.

Article 182, Vernon's Civil Statutes, reads as follows:

"It shall be unlawful for any person to over-
drive, wilfully overload, drive when overloaded,
overwork, torture, torment, deprive of necessary
sustenance, unnecessarily or cruelly beat, or
needlessly mutilate or kill any animal or carry any
animal in or upon any vehicle, or otherwise, in a
cruel or inhuman manner, or cause or procure the
same to be done, or who having the charge or custody
of any animal unnecessarily fails to provide it
with proper food, drink or curelly abandons it."
(Emphasis supplied.)

In connection with your first question, it is observed that
only unnecessarily failing to provide an animal with proper food
is prohibited by said statute.

We have carefully examined the material accompanying your opinion request which you designated as Exhibit "A". Said exhibit describes in detail the demonstrations in question and the amount of food, etc., to be utilized. However, whether or not the white rats are <u>unnecessarily</u> deprived of proper food is in our opinion a question of fact which this office cannot determine.

If it could be shown as a matter of fact that the rats were not being unnecessarily deprived of proper food, then it would be our opinion that the demonstration in question does not constitute cruelty to animals as provided in Article 182, Vernon's Civil Statutes.

Your second question involves the applicability of Articles 4587 and 4588 of Vernon's Civil Statutes. Article 4587 gives to the Anatomical Board of the State of Texas the "power to authorize incorporated schools and colleges to experiment on the lower animals under bond." Article 4588 requires the posting of bond conditioned that all dead human bodies shall be used, and that all experiments on the lower animals shall be conducted, only for the promotion of medical science.

Articles 4587 and 4588 of Vernon's Civil Statutes and Article 531 of the Texas Penal Code are codifications of an act passed in 1907 by the 30th Legislature of the State of Texas, said act being found in Chapter 53, page 117 of the Acts of 1907. It is apparent from reading the entire act that the primary concern of the Legislature was the traffic and experimentation in dead human bodies. Only Sections 5 and 6 of this act, codified as Articles 4587 and 4588 of Vernon's Civil Statutes mention "lower animals." Article 4587, in referring to the lower animals, merely provides that the Anatomical Board has the "power" to authorize institutions and individuals to experiment on the lower animals under bond. These statutory provisions are not exclusive and the approval of the Anatomical Board is not required in all instances.

We therefore hold that Articles 4587 and 4588 do not require the approval of the Anatomical Board or the posting of bond in

order that demonstrations referred to in your opinion request be conducted in the schools of Texas.

### S U M M A R Y

Whether demonstrations on white rats in the schools of Texas in order to demonstrate the effects of malnutrition is prohibited by Article 182, V.C.S., is a question of fact. Articles 4587 and 4588, V.C.S., are not applicable to such demonstrations and the approval of the Anatomical Board prior to holding the demonstrations is unnecessary and no bond need be secured and posted.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

James Quick
John Banks
Wardlow Lane
Neil Williams

HAWTHORNE PHILLIPS
Executive Assistant